Mr. Dunn, whenever you're ready. May it please the court. May it please counsel. I am Blair Dunn, and I represent the appellate in this matter, Daniel Martinez, who is joining me here in the courtroom today. I guess I would start with pointing out that we're not here today to assess blame or to assign blame. We fully recognize that the issue before the court is not whether or not we were over by a day. We certainly understand that we were. And nor do we wish to pursue when the United States knew or could have known or when they could have brought it to the court's attention or the clerk's, the clerk could have noticed this. To focus on the past and the blame would not get us anywhere, and we fully recognize that. Well, I appreciate you're saying that, but that wasn't the only misstep here, right? Because you also exceeded substantially the 30-day deadline, right? Yes, Your Honor, that is correct. And that goes to the present. And this case is not just about this present instance and the misdeeds or the mistakes that occurred just in this case. But looking, as this court is prone to do from looking at your other decisions, at deliberation as to how this can impact future decisions and perhaps the way that the rules could be impacted. So we're not just arguing just for this case today, but we'd like to discuss the impacts of looking at the 30-day that we missed as well in terms of the rule. And I do believe that our opposing counsel and that we did discuss that really when it comes down to it, that 30 days that's provided by Rule 4A5A, we couldn't have availed ourselves of but for knowing that that period was running, that there was a need for that period to run. And there is a discussion in the trial court's decision on this, that there is a divergence in the case law when it comes to extraordinary circumstances. Does this case boil down to, and then tell me your position on it if it does, whether 60B can be used to nullify the 30-day deadline of 4A5 or whether the specific rule of 4A5 controls over the general rule of 60B? I believe that is the correct distillation of this case, Your Honor. So tell me why your position should prevail. Why should the general 60B rule govern and nullify the more specific 4A5 rule? I would add that I never thought in engaging in the practice of law that I would actually be citing to Rule 1 in any forum and in any circumstance, whether that's appellate or at the trial court level. But I don't think it's just Rule 60, but also that Rule 1 plus 60 leaves us in a position where there is perhaps a hole in Rule 4 that is addressed by the combination of those two rules. Which is to say that certainly Rule 4 says 30 days, but this is akin to the two cases that both parties pointed out, the Tanner case and the Washington case, where a party may not be able to avail itself of that 30-day period. Now certainly there's nothing as extraordinary about this case as a prison guard grabbing somebody's papers and not allowing them to go through such that the period is missed. But it is extraordinary in the fact that there was a 30-day period that ran and we readily admit we didn't understand was running. We felt that everything had been timely filed. The United States government didn't raise anything nor did the clerk of the court. We anticipated that we had timely appeal. Now that wasn't a correct assumption on our part. We don't deny that. But it would be impossible for a party, if they have no notice of the fact that they have missed the deadline, to know that they should avail themselves of that 30-day period and go to the district court. And as we pointed out in our briefs, we did. As soon as we found that out, which was the night before our opening briefs were due, engaged in discussions with the United States counsel at that point. We awaited the clear decision of this court that you did not have jurisdiction at that point in time and the case had to be dismissed. And then we immediately went back to the trial court and attempted to avail ourselves of Rule 60. There's not a lot that we can say beyond pointing out that Rule 1 does provide for the justice... But you had a basis for knowing, at least on February 29th, that's when the government filed its motion to dismiss. So at least as of February 29th, you kind of knew something was problematic. Did you have some obligation or isn't it reasonable to assume that you had some obligation to pursue that further? And if so, how on earth would this come, even if the requirement was that under extraordinary circumstances, these rules can be overlooked or we can use 60B? How on earth would this case fall within that bucket? To answer the first part of your Honor's question, on February 29th, we did. And we prepared immediately at that point and contacted counsel for the government to ask them, can we go to the trial court? I think that there was an understanding that it had not yet been released back to the trial court at that point, that until this court did issue its decision dismissing the case on jurisdictional grounds, it wouldn't have been proper to go back right at that moment to the trial court and ask for this relief. We'd already availed ourselves, we were there, the brief had been filed, had been submitted, the motion had been submitted to the court, and it was this court's jurisdiction to look at that motion first. But we did prepare, and if I could have seen that I could have gone back and filed the motion on the 29th, we'd have filed it the 29th or the 30th as soon as we learned of this through the government's motion. To say that this fits into the bucket of extraordinary circumstances, I understand the uphill climb that we're trying to make here, but I do believe that there is some precedent, and granted that, as I said and as I acknowledged, that this isn't a prison guard keeping somebody from being able to submit their paperwork in that 30-day period to ask for that extension. But by the same token, at some point I have to say that this looks like we're throwing ourselves on the mercy of the court and begging for that Rule 1 just resolution of this rather than on a minor technical difficulty. And that is ultimately where we are today, Your Honor, is placing this into that bucket in the hopes of finding justice and finding that when you read Rule 1 and you read Rule 60 and you look at the circumstances of not understanding that you need to avail yourselves of that 30-day period, that the court could see that that is an exception. And I understand we don't want to swing those gates wide. It's very clear in jurisprudence that those are supposed to be very firm and very hard deadlines when it comes to Rule 4, that the Supreme Court has been explicit on that, as have other circuits. And to the extent other circuits have addressed this exact question, they've held 60B cannot be used. So we would be creating a circuit split if we went this way. No other circuit has gone the way you're asking for, and multiple other circuits have gone the opposite way. There are. I believe that there is at least to some extent a circuit split on the extraordinary circumstances side of it. Granted, this is taking this one step further than just the extraordinary circumstances. And I cannot say it enough. I know that this is not a prison guard denying somebody that, but it is still looking at the justice of the situation and allowing somebody with a very, very, very small 15 or 16 hours overage on a rule to look at this and say, you know what, they were there, they were trying. If they had known, we certainly would have filed within the 30 days. We didn't know. We honestly believed that we were within time. We proceeded as if we were in time. We got everything ready to go. If we had known, I would have immediately gone back to the trial court in that 30-day period. But nobody raised it. And if the government did know, they certainly didn't. But whether they knew or they not is largely irrelevant. We're not real happy with it. I believe that they did know. But that doesn't really resolve our question and really doesn't help this court at this point, whether or not the government do. So what rule would you have us carve out that the exception is extraordinary circumstances or where there's only a 15-hour delay or when the counsel just doesn't know? Are those the kinds of caveats you would have us impose on the rule that seems to be accepted, as Judge Moore said, by circuits across the country? To some extent, Your Honor, I will admit that that is what I'm asking, but more limited in saying that it is akin that the court should do substantial justice. And it's that finding that under Rule 1 that there is the discretion of the district court to get beyond Rule 4, not just for extraordinary circumstances, but in order to make sure that manifest injustice by a minor error does not occur. So acknowledging the court's question, yes. In effect, we're saying that there should be some very minor leeway to that rule that diverges a little bit. And I fully acknowledge that that's where we're going. But I believe that this is a case that certainly this court gave us the opportunity to discuss and to weigh out. There must be something there. And I understand we are kind of the first in this line of questioning and in this line of thought. But there's an opportunity for the court here to set a path for cases that come after us and to deliberate and give us some guidance as a circuit going forward. Okay. Why don't we hear from the government? Absolutely. Thank you. May it please the court, Elizabeth Ann Peterson for the United States. The Court of Federal Claims was clearly correct in denying the Rule 60B motion in this case. The Rule 4 time limitations are statutory limits on the court's jurisdiction. But as far as the 30 coming in within the 30 days, I understood your friend to say that they really couldn't do that. They couldn't go back to the court because there was still something pending based on the motion you had filed with our courts. The appeal was here. Is he right about that? If that is what he was saying, no, that's not correct. The 30-day period would have run in mid-January and there was no action taken by any party. Oh, well, then their answer to that would be that they just had no idea. It wasn't tossed back by this court and the government took a while at least to file its motion to dismiss. That's correct, Your Honor. That is the actual facts of this case. And I believe as far as the perceived injustice of the rule that the Supreme Court addressed that in the majority opinion in Bowles by saying that where rigorous rules like this appear unjust, Congress could enact authority for the courts to promulgate rules or adopt rules. Like equitable tolling. Like they could extend equitable tolling to these sorts of cases knowing that courts unfortunately for many years have held equitable tolling is not available in these sorts of cases. But Congress knowing that since that is the clear legal landscape, Congress could change that rule. Precisely. That is what the Supreme Court has said on this issue. And since these rules have been held to be statutory limitations on the court's jurisdiction, it's not even clear that the extraordinary circumstances cases in the Sixth and Ninth Circuits are consistent with Bowles. But to the extent that they might be, this case, as the panel appears to have observed, is by no means within that category. There are no extraordinary circumstances here. And the part of counsel for Mr. Martinez has conceded that it was an error by his office. That resulted in the untimely filing of the notice of appeal here. And he suggests at least that the United States could have assisted Mr. Martinez. But that, of course, is neither a legal nor an ethical obligation on the part of counsel for the United States, even if we had known that there was a 30-day period of time running in which he might have been able to take advantage of the court's discretion to extend the time. There again, the Bowles case quite clearly holds that the time limitations set out in the amendments in 1991 to Rule 4, which include the 30-day period of time, are limits that may not be varied or altered by the courts. And so what that 30-day period amounts to is an opportunity for the court to exercise discretion where good cause or excusable neglect is shown. In other words, had Mr. Martinez filed timely, the court would have been within its discretion to deny that motion. He did not. But here he's suggesting that the court exceeded its discretion where he failed to meet the statutory deadline. And there is no court in the United States, or no circuit court at least, that has held that in this case the courts have discretion to allow an extension of the statutory time limits. And if the court has no further questions. Thank you. Just very briefly, I don't know that there's a lot that could be added to this discussion today, but I would... We can't be rogues. I can't use Rule 1 to overturn all of the rules in the Federal Rules of Civil Procedure or the Federal Rules of Appellate Practice. It's not what it was intended for. And so your argument, I appreciate it. I guess I want you to know that it's not a matter of personal choice for us judges. We have to follow all those rules. And what you're asking for is to break stride with all of the existing precedent in this area because of a sympathetic complainant. And even though I may think it's sympathetic, and if I got to choose whether I would have granted him a 15-hour extension or not, I probably would have, hands down. But that's not the way I get to review the case. So I guess I just want you, and since he's here, him, to sort of understand that that's the scenario we're in. As an appellate court, we don't have discretion. And Judge, I very much appreciate that. And we do understand that. And we understood the limitations of this. We did see that there was the option perhaps to bring this to this Court's attention under the Ninth Circuit cases that do create that other exception. And acknowledging, as Counsel just said, that those may not be in line with the Supreme Court's decision in Bowles, we were looking for a similar situation here. So I appreciate the Court's time and certainly the discussion today to examine whether or not there is an option here. And thank you for your time again. Thank you. We thank both Counsel. The case is submitted. That concludes our proceedings for this morning. All rise.